# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL VERDETTO and DEBORAH VERDETTO<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY CO.,<br><br>Defendant. | CIVIL ACTION NO. 3:10-cv-1917<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiffs' Motion for Disclosure of Communications between State Farm and Its Counsel (Doc. 11).  The Motion will be denied because the case law relied on by Plaintiffs, specifically *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259 (Pa. Super. 2007), has recently been significantly emended by the Pennsylvania Supreme Court.

Federal Rule of Evidence 501 sets forth the general rule with respect to the application of privileges in both federal question and diversity cases. It provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with state law.

Fed. R. Evid. 501.  In Pennsylvania, the rule of attorney-client privilege has been codified at 42 Pa.C.S. § 5928, which states: "[i]n a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him *by his client*, nor shall the

client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client" (emphasis added).  The statute appears to apply on its face only to communications *to* the attorney originating from the client.  As a result, Pennsylvania courts had traditionally interpreted this statute to require four elements be satisfied in order for the protection of attorney-client privilege to be successfully invoked:

> 1) The asserted holder of the privilege is or sought to become a *client*;
>
> 2) The person to whom the communication was made is a member of the bar of a court, or his subordinate.
>
> 3) The communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing either an opinion of law, legal services or assistance in a legal matter, and not for the purpose of committing a crime or tort.
>
> 4) The privilege has been claimed and is not waived by the client.

*Commonwealth v. Mrozek*, 441 Pa. Super. 425, 457 (1995) (emphasis added). However, according to long-standing tradition rooted in the common law, attorney-client privilege was broader, applying not only to communications between client and attorney, but also to legal advice given to the client *by* their lawyer. *See Nat'l Bank of West Grove v. Earle*, 196 Pa. 217, 221 (1900) (holding that "[i]f the secrets of the professional relation can be extorted from counsel in open court by the antagonist of his client, the client will exercise common prudence by avoiding counsel").  The tension between the narrow language of the statute and the broader interpretation of the privilege in the common law came to a head in *Nationwide Mut. Ins. Co. v. Fleming*.  In that case, the Pennsylvania Superior Court,

2

interpreting the statutory and decisional law, held that attorney-client privilege protected from disclosure "*only* communications made *by* a client *to* his or her attorney which [were] confidential and made in connection with the providing of legal services or advice." 924 A.2d at 1264.  The court further held that the privilege protected "confidential communications from an attorney to his or her client only to the extent that such communications contain and would thus reveal confidential communications from the client." *Id*.  However, on February 23, 2011, the Pennsylvania Supreme Court, in *Gillard v. AIG Ins. Co.*, rectified these disparate traditions and held that, in Pennsylvania: "the attorney-client privilege operates in a *two-way fashion* to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice." --- A.3d ---, 2011 WL 650552 (2011) (emphasis added).

As a result, *Fleming* is no longer controlling, and, therefore, as long as the requirements of Federal Rule of Civil Procedure 26(b)(5) regarding the assertion of privilege have been complied with,  the communications between attorney Scott Grenoble and Defendant State Farm are privileged.

**NOW**, this ___19th___ day of April, 2011, **IT IS HEREBY ORDERED THAT** Plaintiffs' Motion  for Disclosure of Communications between State Farm and Its Counsel (Doc. 11) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge