IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL VERDETTO and DEBORAH VERDETTO, | |
| Plaintiffs, | CIVIL ACTION NO. 3:10-CV-1917 |
| v. | (JUDGE CAPUTO) |
| STATE FARM FIRE AND CASUALTY COMPANY | |
| Defendant. | |

### MEMORANDUM

Defendant State Farm Fire and Casualty Company moves for summary judgment on plaintiffs' breach of contract and bad faith claims. The plaintiffs, Michael and Deborah Verdetto, were victims of a fire at their rental property. At the time of the incident, they had renters insurance with State Farm. The Verdettos allege the company unreasonably focused its investigation into the fire on them rather than pay out on their claim. State Farm argues in its motion it acted reasonably and only denied coverage after the Verdettos refused to cooperate with its investigation. State Farm further argues this refusal to cooperate voided the Verdettos' policy. The Court agrees with both of State Farm's arguments and will grant its motion for summary judgment.

### BACKGROUND

In November 2008, the Verdettos rented a house at 1003 Plane Street in Avoca, Pennsylvania from Frank and Beverly Moranski under a one-year lease agreement. They then purchased renters insurance coverage from State Farm, under which they maintained $50,000 in contents coverage. The following May, the Verdettos sought to vacate the property and on May 3, 2009 they rented a house from Andrew Tuzinski at 116 Pettebone

Street in Forty Fort, Pennsylvania. The Verdettos started moving their personal property into the house on Pettebone Street on May 7 and were sleeping overnight at the house by May 8. On May 15, the Verdettos' son and his friend were removing possessions from and cleaning the Plane Street house. The Verdettos also briefly stopped by the house around 5:00 p.m. Neighbor Joseph Plisko testified to seeing the 1003 Plane Street house on fire and the arrival of police and firefighters around 12:20 a.m. the next morning. Fire Marshal Timothy Young, investigating the fire the next day, determined it was arson.

The Verdettos contacted State Farm on May 16 to report the fire. Jacob Gray was assigned to their claim and contacted them the same day to discuss the matter. The Verdettos told him about the new rental. They also told him that while they were in the process of moving, they still had personal property at the house when the fire occurred. Mr. Gray told them they would need to fill out personal property inventory firms for the contents claim under their policy. State Farm also advanced the Verdettos $2,000 on their claim. In early June, Start Farm received the Verdettos inventory forms. The forms indicated a large amount of valuable items, many of them less than two years old.

In the weeks following receipt of these forms, Fire Marshal Young told State Farm that he had ruled the fire to be an arson. Other circumstances inviting inquiry about the fire and the Verdettos' personal property claims included: the Verdettos claims to having lost a number of high-end items despite living in a new residence; the Fire Marshal's comments that he did not see much personal property at the residence and that Mr. Verdetto may have previously been involved in an arson; the fire being a loss on new business for State Farm, i.e., the property had been insured for less than six months; and a history of late payments on the policy.

Given these red flags, State Farm sought to have the matter further investigated and assigned it to Ted Marzani of the Special Investigative Unit. Mr. Marzani then hired Lee McAdams, a fire investigator, to inspect the property. On June 19, Mr. Marzani sent Mr. Verdetto an authorization for release of financial information and telephone records to aid in the investigation. Under the terms of the State Farm renters policy:

**SECTION I – CONDITIONS**

**2.     Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

      d.     as often as we reasonably require:

           (2)     provide us with records and documents we request and permit us to make copies;

Even though State Farm requested the Verdettos sign the authorizations numerous times – as they were required to do under the terms of their policy – they refused.

State Farm next hired Damage Control, Inc., a salvage company, to help the Verdettos with the reconditioning of their fire damaged possessions. But their access to the house was delayed several weeks because Mr. Moranski, the landlord, would not allow them into the home. State Farm then hired Brunozzi Investigative Agency to contact local authorities regarding the fire investigation. The Avoca Police Chief told Mr. Brunozzi that Mr. Verdetto had previously been arrested for arson. The Chief also told him he had been in the house five days before the fire and had seen few personal possessions at the time. Fire Marshal Young also told Mr. Brunozzi that there was little in the home when he examined it the day of the fire. Subsequently, Mr. Tuzinski, the Verdettos' new landlord, testified in his deposition that the Verdettos were "well moved in" to their new residence at 116 Pettebone Street a week prior to the fire and that the basement was "packed" with stuff.

The accounts of the contents of the Plane Street home at the time of the fire given by Mr. Moranski, the Avoca Police Chief, Mr. Tuzinski, and Fire Marshal Young all conflicted directly with the Verdettos' inventory forms.

State Farm then sent the Verdettos a Reservation of Rights letter on August 4, citing questions over whether the fire was accidental and whether they had misrepresented their losses. In mid-August, Mr. Verdetto informed Mr. Marzani that he would not sign any releases and would instead be suing State Farm. State Farm then hired Scott Grenoble to handle the case and conduct an Examination under Oath ("EUO"). Mr. Grenoble conducted the EUO in October 2009. The Verdettos did not provide the authorizations for the financial and telephone records at the EUO or subsequently. The Verdettos also did not bring the receipts for items they allegedly replaced after the fire. For several months following the EUO, the Verdettos' attorney, Michael Mey, Esq. continually told State Farm he would make the records available but did not. Finally, after State Farm sent a second Reservation of Rights letter in December 2009, it sent a letter to the Verdettos several months later denying coverage for the contents claim due to a lack of cooperation. The letter was dated May 4, 2010. The Verdettos then filed this suit for breach of contract and bad faith on September 14, 2010.

Following discovery, State Farm moved for summary judgment. In its brief in support, the company argues (1) it did not act in bad faith because it had a reasonable basis for investigating and ultimately denying the Verdetto's claim and (2) it did not breach the insurance contract because the Verdettos' failure to cooperate was a material breach that voided their policy. The motion has been briefed and is ripe for review.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the

non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256-57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## DISCUSSION

The Court will grant State Farm's motion for summary judgment because State Farm did not act in bad faith in denying the claim and the Verdettos' misrepresentations voided the policy.

### A.    The Bad Faith Claim

State Farm did not act in bad faith because they had a reasonable basis for denying the Verdettos' claim.

Pennsylvania's bad faith insurance law provides:

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371. According to the Third Circuit:

'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an

> action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir.2005) (quoting *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994)).

In order to recover on a bad faith claim, a plaintiff must show both "(1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis" *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir.1997). Mere negligence on the part of insurer is insufficient to sustain a bad faith claim. *See Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir.1994). The plaintiff must establish bad faith by clear and convincing evidence. *See Polselli*, 23 F.3d at 750. Accordingly, in opposing a summary judgment motion, the plaintiff's burden of proof also rises to the clear and convincing standard. *See McCabe v. State Farm Mut. Auto. Ins. Co.*, 36 F.Supp.2d 666, 669 (E.D.Pa.1999). In sum, in order to defeat a motion for summary judgment, a plaintiff must show that a jury could find by "the stringent level of clear and convincing evidence," *Jung v. Nationwide Mut. Fire Ins. Co.*, 949 F.Supp. 353, 356 (E.D.Pa.1997), that the insurer lacked a reasonable basis for its handling of the claim and that it recklessly disregarded its unreasonableness.

"[C]ourts applying Pennsylvania law have determined that an insurer meets its burden of showing "a reasonable basis" for investigating a claim, and is thus entitled to judgment as a matter of law, where it demonstrates the existence of certain "red flags" which prompted it to further investigate an insured's claim." *See Brown v. Liberty Mut. Ins. Group*, 2001 U.S. Dist. LEXIS 781, *8-11, 2001 WL 87741 (E.D.Pa. Jan. 30, 2001).

Here, the existence of a number of significant "red flags" provided State Farm a reasonable basis for investigating the claim, including: the fire being ruled an arson; the claim being on a policy less than six months old; and the history of late payments on the policy. Given the Verdettos refusal to turn over the records they were contractually obligated to provide, it was equally reasonable for State Farm to ultimately deny the claim for lack of cooperation. Without the requested financial and telephone records, which were critical to determining the Verdettos' motive and opportunity for setting the fire, it could not complete the investigation. There is no evidence that State Farm unreasonably delayed or stalled the investigation to avoid paying on the claim. Therefore, the Court will grant State Farm summary judgment on the bad faith claim.

### B.   The Breach of Contract Claim

Under Pennsylvania law, an insured has a duty to cooperate in good faith with an insurer's investigation of a covered loss. *Habecker v. Peerless Ins. Co.*, 1:07-CV-0196, 200WL 4922529, *4 (M.D.Pa. Nov. 14, 2008) (internal citations omitted). An insured's failure to cooperate excuses an insurer's coverage obligations if the breach is material and prejudicial to the insurer's interest. *Id.* The insured's breach must exceed a "mere technical departure" from the terms of the policy. *Id.* Instead, it must in a substantial prejudice and injury to the [insurer's] position in the matter. *Id*. In *Habecker*, plaintiffs, whose restaurant burned down after an intentionally set fire, sued their insurer for breach of contract. The insurer denied coverage on the grounds that plaintiffs breached material terms of their policy by failing to provide an inventory and a tax authorization. Citing the materiality of the requested documents for assessing the insurer's exposure and the prejudice created by

plaintiffs' lack of cooperation, the court granted summary judgment to the insurer.

Here, the Court finds the requested financial and telephone documents equally material and the Verdettos' refusal to cooperate prejudicial to State Farm's interest. The requested records were critical to ruling out the Verdettos as suspects in the arson and insurance fraud – a necessary prerequisite to paying on the claim. The Verdettos were contractually bound to provide any requested documents, and their refusal to do so was a significant departure from the terms of their policy and substantially prejudiced State Farm. The Court will therefore grant State Farm summary judgment on the breach of contract claim.

## CONCLUSION

The Court will grant State Farm's motion for summary judgment on the Verdettos' bad faith and breach of contract claims. State Farm acted reasonably in investigating and ultimately denying the Verdettos' claim. Additionally, the Verdettos materially breached the terms of the insurance policy by refusing to cooperate with the documents request, voiding their renters policy.

An appropriate order follows.

 11/23/11                                                                    /s/ A. Richard Caputo
Date                                                                         A. Richard Caputo
                                                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL VERDETTO and DEBORAH VERDETTO, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY <br><br> Defendant. | CIVIL ACTION NO. 3:10-CV-1917 <br><br> (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   23rd   day of November, 2011, **IT IS HEREBY ORDERED** that defendant State Farm's motion for summary judgment (Doc. 24) is **GRANTED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge