**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL VERDETTO and DEBORAH VERDETTO,

Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

CIVIL ACTION NO. 3:10-CV-1917

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration (Doc. 37) of the Court's November 23, 2011 Order (Doc. 36) granting Defendant's Motion for Summary Judgment. Because the Court did not commit clear error in granting Defendant's summary judgment motion, Plaintiffs' Motion for Reconsideration will be denied.

## BACKGROUND

This action arises out of an insurance dispute between Plaintiffs, Michael and Deborah Verdetto, and State Farm Fire and Casualty Company. As set forth in greater detail in the November 23, 2011 Memorandum and Order (Doc. 36), in 2008, Plaintiffs rented a house in Avoca, Pennsylvania. To protect their personal property, Plaintiffs purchased renters insurance from State Farm for $50,000.00 of contents coverage. Approximately six months later, Plaintiffs decided to vacate the Avoca property and relocate to Forty Fort, Pennsylvania. On May 15, 2009, before Plaintiffs had completed their move from Avoca to Forty Fort, the Avoca home caught on fire. Arson was ultimately determined to be the cause of the fire.

After the fire, Plaintiffs contacted State Farm to recover for the damaged contents

in the Avoca property at the time of the fire. Plaintiffs informed State Farm that although they were in the process of moving to the Forty Fort property at the time of the fire, a number of personal contents were still in the Avoca property when the fire occurred. In the weeks following the fire, however, State Farm became aware of a number of "red flags" relating to Plaintiffs' contents claim.

Given the numerous "red flags", State Farm determined that further investigation of the fire and Plaintiffs' claim was necessary. Nevertheless, despite a contractual duty to do so, Plaintiffs refused to cooperate with the investigation or provide State Farm with documents and records relevant to State Farm's investigation. As a result of Plaintiffs' conduct and State Farm's own extensive investigation, State Farm denied Plaintiffs' contents claim for lack of cooperation.

Plaintiffs then commenced this action against State Farm alleging claims for bad faith and breach of contract. Following discovery, State Farm moved for summary judgment (Doc. 24). On November 23, 2011, State Farm's Motion for Summary Judgment was granted (Doc. 36).

Plaintiffs filed a Motion for Reconsideration (Doc. 37) on December 5, 2011. Plaintiffs argue that the Court committed clear error in finding that State Farm acted reasonably in investigating Plaintiffs' claim and that Plaintiffs materially breached the terms of the renters policy by refusing to cooperate with State Farm's investigation. The motion has been briefed and is ripe for review.

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within twenty-eight

(28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985) (citation omitted). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 05 1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa.1999).

**DISCUSSION**

Because Plaintiffs merely reassert the same law, facts, and arguments they relied upon in opposing State Farm's summary judgment motion, Plaintiffs' Motion for Reconsideration will be denied.

As to Plaintiffs' bad faith claim, Plaintiffs may recover if they show: "(1) that [State Farm] lacked a reasonable basis for denying benefits; and (2) that [State Farm] knew or

recklessly disregarded its lack of reasonable basis." *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997). A "reasonable basis" for investigating a claim exists when the insurer "demonstrates the existence of certain 'red flags.'" *Tangle v. State Farm Ins. Co.*, no. 08-112, 2010 WL 3420661, at *4 (W.D. Pa. Aug. 4, 2010) (quoting *Aquila v. Nationwide Mut. Ins. Co.*, no. 07-2696, 2008 WL 5348137, at *8 (E.D. Pa. Dec. 15, 2008)). In the instant action, as noted in the November 23, 2011 Memorandum (Memo. at 8, Doc. 36), a number of significant "red flags" provided State Farm a reasonable basis for investigating Plaintiffs' claim. Thus, it was not clear error to grant State Farm summary judgment on Plaintiffs' bad faith claim.

As to Plaintiffs' breach of contract claim, Pennsylvania law requires an insured to cooperate with an insurer's investigation of a covered loss. *See Habecker v. Peerless Ins. Co.*, no. 07-0196, 2008 WL 4922529, at *4 (M.D. Pa. Nov. 14, 2008) (internal citations omitted); *see also Murphy v. Fed. Ins. Co.*, no. 02-2541, 2006 WL 156944, at *4 (E.D. Pa. Jan. 18, 2006). If an insured fails to cooperate, an insurer's coverage obligations are excused if the breach is more than a "mere technical departure" from the terms of the policy and the insurer's interest is prejudiced. *Habecker*, 2008 WL 4922529, at *4. Here, the information requested by State Farm was critical to a determination of the veracity of Plaintiffs' contents claim. Plaintiffs' failure to comply with State Farm's requests was more than a technical departure from the terms of the renters policy which severely prejudiced State Farm's interest. As such, it was not clear error to grant summary judgment to State Farm on Plaintiffs' breach of contract claim.

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion for Reconsideration (Doc. 37) will be denied.

An appropriate order follows.

March 6, 2012
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge